McBRIDE, Appellant, vs. MILWAUKEE ELECTRIC RAILWAY
      & LIGHT COMPANY, Respondent.

*December 6, 1911—January 9, 1912.*

*Street railways: Injury to passenger: Evidence: New trial: Error
in charge: Excessive damages: Costs.*

1. In an action against a street railway company for personal in-
juries, plaintiff having testified to facts showing that she was
a passenger, the negative testimony of several conductors to
the effect that they did not see or remember anything of such
an accident, did not raise any issue for the jury as to whether
or not she was a passenger; and the fact that in his charge
the trial judge spoke of her as a passenger was not such an
error as warranted the granting of a new trial.
2. Defendant should be required to pay the costs of the trial as a
condition of the granting of a new trial upon the ground that
the damages awarded by the jury to plaintiff are excessive.

APPEAL from an order of the circuit court for Milwaukee
county: ORREN T. WILLIAMS, Circuit Judge. *Modified.*

The appeal is from an order granting a new trial.

For the appellant there was a brief signed by *Rubin & Lehr,*
attorneys, and *Horace B. Walmsley,* of counsel, and oral argu-
ment by *Mr. W. B. Rubin* and *Mr. Walmsley.*

For the respondent there was a brief by *Van Dyke, Rose-
crantz, Shaw & Van Dyke,* and oral argument by *James D.
Shaw.*

TIMLIN, J.  After a special verdict in favor of the plaintiff,
on motion for a new trial the court set aside this verdict on
the ground that in his instructions to the jury he told them
the plaintiff was a passenger.  He had submitted no question
in the special verdict covering that point.  Plaintiff testified
to facts which, if true, showed her to be a passenger.  The
conductor on one street car testified he did not see anything
of any accident at the place in question and did not stop his

car and go back and pick up an unconscious or an injured woman. The conductor of another street car did not remember anything of such an accident. The conductor of a third street car saw nothing of such an accident. The conductor of a fourth street car did not remember of seeing anything of such an accident. The conductor of a fifth street car did not. see anything of such an accident. The conductor of a sixth street car did not see any such thing.

The first car left Grand avenue about 10:55 p. m. on May 25, 1908, the night of the accident, the second at 11 p. m. the same evening, the third at 11:05 p. m., the fourth at 11:10 p. m., the fifth at 11:15 p. m., and the sixth at 11:20 p. m. The plaintiff's testimony was that she left a theater on Milwaukee street south of Wisconsin street, to the best of her recollection, at about 10:45 p. m., and took a National avenue car at the corner of West Water street and Grand avenue. This testimony raised no issue for the jury on the question of whether or not the plaintiff was a passenger, although it had some probative force on the question of whether or not she was injured. The court was in error in granting a new trial on this ground. But the court before signing the formal order evidently gave the matter further consideration and added that he, "being further of the opinion that the verdict is excessive, and would even in the absence of error in the charge warrant the setting aside of the verdict, in the discretion of the court," granted a new trial. This ruling we could by no means interfere with as an abuse of discretion, but the court failed to award costs against the defendant as a condition of granting a new trial on this latter ground. The order appealed from, therefore, is modified, and the cause remanded with directions to the circuit court to require the defendant to pay the costs of the trial.

*By the Court.*—Order modified, and the cause remanded for further proceedings. Costs awarded to appellant.